Chief Justice Robertson
delivered the Opinion of the Court.
In debt on a bond for money, the defendants pleaded payment, concluding to the country, and. the plaintiffs joined issue by adding a similiter.
On that issue the jury found a verdict for the debt, subject to a credit for a partial payment endorsed on the bond, and also for another sum, which was the assessed value of some iron said to have been received in part *318 payment of the bond—both of which sums were said to have been paid after the day of payment.
The plaintiffs having objected to proof of partial payment, under the issue, now ask a reversal of the judgment, principally on account of the last credit allowed by the jury, and which the Circuit Court allowed in the judgment on the verdict.
Neither partial payment after the day, nor accord and satisfaction, partial or total, is admissible under an issue as to entire payment, either on or after the day of payment. 5 Monroe, 496; 13 Johnson, 357.
And the issue, though informal, must be deemed one of payment or not. When the defendants averred payment and concluded to the country, the similiter formed a substantial issue on the fact averred—the defendants praying an enquiry as to payment, the plaintiffs joined in that prayer. But if there be any objection now to that issue, the first fault was that of the defendants.
And, therefore, as the ’ objection made to the proof was not waived by the pleadings — the judgment of the Circuit Court, especially for the last credit, was erroneous; and is therefore reversed, and the 'cause remanded.